## Naylor Estate

*M. Paul Smith*, for appellant.

*Paul D. Wisler*, for Commonwealth.

HOLLAND, P. J., May 14, 1948.—The stipulation of facts filed by counsel indicates that the property in question was deeded to decedent, Charles Rainear Naylor, Mamie L. Naylor, his wife, and May Adelaide Naylor, single woman. The date of the deed to said grantees was September 18, 1939, and under the same date the three parties entered into an agreement in which they declared that Charles R. Naylor and his wife, Mamie L. Naylor, were interested to the extent of 25 percent each in the property and that their daughter, May Adelaide Naylor, was interested to the extent of 50 percent of the property. The Commonwealth has appraised the entire property at $15,000, and charged one quarter thereof at the value of $3,750 as being a part of the decedent's estate and subject to tax. From this appraisement the appeal is taken on the ground that decedent did not die seized of one-quarter interest in the real estate, but that the same passed to the surviving wife of decedent, their tenancy being by the entireties. Appellant argues that decedent and his wife by the deed became seized of an undivided one-half interest in the property by the entireties and that their daughter, the third party grantee, became seized of the other one-half undivided interest. We find as a conclusion of law that this latter argument is correct, and under the authority of Nixdorf v. Busser, 62 D. & C. 567 (1948), we hold that decedent and his widow were seized as of his death by the entireties of an undivided one-half interest in the property which passed to the widow, Mamie Naylor, at his death, and that the other one-half undivided interest was in the daughter, May Adelaide Naylor, wherefore the deceased did not die seized of any interest in the property, therefore there was no tax due thereon.

And now, May 14, 1948, the appeal is sustained and the register directed to recalculate the tax accordingly.